UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

UNITED STATES OF AMERICA      :

      :

   -v-         :  **DECLARATION OF ANDREW**

      :  **M. LAWLER IN SUPPORT OF**

CARL KRUGER, RICHARD LIPSKY,   :  **AARON MALINKSY'S MOTION**

AARON MALINSKY, SOLOMON      :  **FOR SEVERANCE**

KALISH, ROBERT AQUINO, DAVID   :

ROSEN, WILLIAM BOYLAND, JR., and  :  No. S1 11 Cr. 300 (JSR)

MICHAEL TURANO,        :

      :

      Defendants.   :

------------------------------------------------------- x

I, ANDREW M. LAWLER, hereby declare:

1.     I am a principal of Andrew M. Lawler, P.C., attorneys for defendant Aaron Malinsky ("Mr. Malinsky") in the above-captioned action. I respectfully submit this declaration in support of Mr. Malinsky's motion to sever Counts One, Two and Ten from the rest of the counts alleged in the Superseding Indictment filed on April 7, 2011.

2.     On March 9, 2011, the Government filed under seal criminal complaint No. 11 Mag. 648 (the "Complaint"). Mr. Malinsky voluntarily surrendered on March 10, 2011 to face the charges in the Complaint.

3.     On March 31, 2011, the grand jury returned Indictment 11 Cr. 300 (JSR) alleging five counts solely against Mr. Rosen. The Indictment consisted of one substantive mail fraud count, one substantive wire fraud count, and three bribery conspiracy counts in violation of 18 U.S.C. § 371.

4.     On April 7, 2011, the grand jury returned the instant eleven-count Superseding Indictment, S1 11 Cr. 300 (JSR), against all eight Defendants (the "Superseding Indictment"). The Superseding Indictment alleges against various combinations of the

Defendants three honest services fraud conspiracies (Counts One, Three, and Eight), four bribery and travel act conspiracies (Counts Two, Four, Seven, and Nine), two money laundering conspiracies (Counts Ten and Eleven), one substantive mail fraud charge (Count Five), and one substantive wire fraud charge (Count Six).

5. On April 12, 2011, Mr. Malinsky and his seven co-defendants were arraigned on the Superseding Indictment. At the arraignment, Malinsky, along with several of his co-defendants, indicated his intent to seek severance of defendants and offenses. The Court ordered that any severance motions by Malinsky and six of his other co-defendants be filed and served by April 28, 2011, with Government responses due by May 5, 2011, replies due by May 11, 2011, and argument set for May 12, 2011 at 4:00 p.m.

6. On its face, the Superseding Indictment charges three separate factual scenarios and schemes – only one of which involves Mr. Malinsky. Of the eleven counts in the Superseding Indictment, only three counts (Counts One, Two, and Ten) allege any involvement by Mr. Malinksy. Nowhere in the Superseding Indictment is there any suggestion of a single overarching conspiracy involving Mr. Malinksy and co-defendants Solomon Kalish, Robert Aquino, David Rosen, or William Boyland, Jr.

7. Mr. Malinsky has a right to severance because, under Rule 8(b) of the Federal Rules of Criminal Procedure, he has been improperly joined with defendants who have been charged with separate and unrelated conspiracies in which Mr. Malinsky is not alleged to be involved.

8. Mr. Malinsky also requests a severance under Rule 14 of the Federal Rules of Criminal Procedure because of the inevitable prejudicial spillover effect of evidence

that will be offered against other defendants charged in separate and distinct conspiracies that would not be admissible or relevant in a trial of the conspiracy counts involving Mr. Malinsky.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 28, 2011.

_____

Andrew M. Lawler